UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMIR HOUSSEIN EMAMI TALEGHANI,<br><br>Petitioner,<br><br>v.<br><br>CHAD F. WOLF, et al.,<br><br>Respondents. | Case No. 2:20-cv-02198-APG-DJA<br><br>ORDER |

Petitioner Amir Houssein Emami Taleghani filed a habeas corpus petition under 28 U.S.C. § 2241 challenging his continued detention by U.S. Immigration and Customs Enforcement pending enforcement of his final removal order, ECF No. 1.

Noncitizens who are held in custody under 8 U.S.C. § 1226(a) while their petitions for review of their removal orders are pending are entitled to a bond hearing before an Immigration Judge (IJ). *See Casas–Castrillon v. Department of Homeland Sec*., 535 F.3d 942, 951 (9th Cir. 2008). If they are dissatisfied with the IJ's bond determination, they may file an administrative appeal so that "the necessity of detention can be reviewed by . . . the [Board of Immigration Appeals] (BIA)." *Prieto–Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008). If they remain dissatisfied, they may file a petition for habeas corpus in the district court. *See Singh v. Holder*, 638 F.3d 1196, 1200–03 (9th Cir. 2011).

A noncitizen must seek review from the BIA before filing a habeas petition in court. *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). In *Leonardo*, the petitioner "pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." *Id.*

Here, it appears Taleghani has skipped the BIA step like Leonardo. The IJ denied Taleghani's request to be released from custody on November 9, 2020. Exh. H, ECF No. 1-8. His petition is silent about any appeal to the BIA. Taleghani filed this habeas action on December 4, 2020. Even if Taleghani appealed the IJ's ruling, the BIA cannot have decided the appeal in such a short time period. Accordingly, Taleghani has not exhausted his administrative remedies. His petition, therefore, is dismissed without prejudice to the filing of a new petition (if the BIA does not grant the relief he seeks), in a new case with a new case number.

I THEREFORE ORDER the Clerk to SERVE copies of the petition (ECF No. 1-1) and this order upon the respondents, for informational purposes only, as follows:

(1) By delivering a copy of the petition (ECF No. 1-1) and this order on the United States Attorney for the District of Nevada pursuant to Rule 4(i)(1)(A)(i) of the Federal Rules of Civil Procedure.

(2) By sending a copy of the petition (ECF No. 1) and this order by registered or certified mail to the following: (1) Chad F. Wolf, Acting Director of Homeland Security, Washington, DC, 20528; (2) Tony Pham, Acting Director, U.S. Immigration and Customs Enforcement, 500 12th St., SW, Washington, DC, 20536; (3) Bryan Wilcox, Salt Lake City Field Office of U.S. Immigration and Customs Enforcement, 2975 Decker Lake Dr., Suite 100, West Valley City, UT, 84119-6096; (4) William Barr, U.S. Attorney General, 950 Pennsylvania Ave., NW, Washington, DC 20530-0001; and (4) Thedrick Andres, Police Chief, Henderson Police Service Headquarters, 223 Lead St., Henderson, NV 89015.

I FURTHER ORDER that the emergency motion to expedite **(ECF No. 5) is denied as moot.**

I FURTHER ORDER that the petition is **DISMISSED** without prejudice.

I FURTHER ORDER that a certificate of appealability is denied.

I FURTHER ORDER that the Clerk close this case.

DATED: 21 January 2021.

_____
U.S. District Judge Andrew P. Gordon